UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09CV-363-H

RIVER FIELDS, INC.                                                                                          PLAINTIFF

V.

REAR ADMIRAL JOEL R. WHITEHEAD,
COMMANDER, U.S. COAST GUARD,
EIGHTH DISTRICT, et al.                                                                                  DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Defendant, United States Coast Guard, has moved to consolidate this recently filed action with another action in this Court, *River Fields, Inc. et al. v. Peters, et al.*, 3:08CV-264-S. Plaintiff, River Fields has objected to the consolidation. As River Fields has other motions pending for restraining orders or injunctions in each case, this motion has some urgency.

Under Rule 42, Federal Rules of Civil Procedure, a court may consolidate two cases when common issues of fact and law are at issue. Moreover, in the Western District of Kentucky it is common for judges to transfer related actions before the judge having the senior of the related cases. Judges exercise these powers thoughtfully with a concern for the fairness of the proceedings, the conservation of judicial resources and the consistency of court rulings.

River Fields filed its first action against the Federal Highway Administration, the Commonwealth of Kentucky and Louisville Metro Government, seeking an injunction to stop reconstruction of the Harrods Creek bridge on River Road on the grounds that Defendants failed to meet their various obligations under federal statutes. Final briefing on the preliminary

injunction is due for completion on June 15, 2009.  More important, Defendants have recently given River Fields notice of their intent to begin construction on the bridge project.

The action in this Court was filed May 27, 2009, challenging a permit which the United States Coast Guard has issued allowing the bridge construction to proceed.  River Fields contends that the Coast Guard failed to comply with provisions of two federal statutes, the National Environmental Policy Act and the National Historic Preservation Act, prior to issuing its permit.  Thus, the new action concerns a different statutory approval of the same project which is the subject of the senior action.  Moreover, on June 1, 2009, River Fields moved for a Preliminary Injunction to halt construction of the bridge project.

River Fields makes sound arguments about the discretion of judges to deny requests for consolidation where cases involve different parties and different legal issues.  Here, the ultimate question in both actions is whether there is a reason to stop the local government from proceeding with construction.  Many common statutes, policies, facts and interested parties converge upon this question.  The Court concludes that the intertwining facts and circumstances of the two actions suggest that transfer and perhaps consolidation will produce better and more consistent decision for all parties.  One judge fully understanding the whole circumstances will more fairly and efficiently resolve the pending disputes than would two, each having only a piece of the legal puzzle before him.  Moreover, this Court finds no reason to believe that this action should prejudice either side or slow a decision of the pending motions.  The Court is confident that justice for all is better served in these circumstances by having one judge handle both cases.

It is the general practice in the Western District of Kentucky to transfer a related junior

action to the docket of the senior action.  This Court will follow that practice.  Judge Simpson can decide whether it is appropriate to consolidate the two cases.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the instant action, 3:09CV-363-H, is reassigned and transferred to the docket of Judge Charles R. Simpson, III and to be considered for consolidation with *River Fields, Inc., et al. v. Peters, et al.,* 3:08CV-264-S.

cc:     Counsel of Record